UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORGE ESTUARDO MARIN,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, et al.,

    Defendants.

Case No. 25-cv-05990-EKL

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 1

Petitioner is a 35-year-old citizen of Guatemala who immigrated to the United States in 1989 when he was two months old. *See* Pet. for Writ of Habeas Corpus ¶¶ 28-29, ECF No. 1 (the "Petition"). On or about August 15, 2012, the Department of Homeland Security (the "DHS") arrested Petitioner pursuant to 8 U.S.C. § 1226. *Id.* ¶ 2. The next day, Petitioner was released on bond and served a notice to appear before an immigration judge on an unspecified date. *Id.* ¶ 2. On or about August 22, 2013, an immigration judge ordered Petitioner to be removed from the United States through an *in absentia* order of removal pursuant to 8 U.S.C. § 1229(a) for his failure to appear at his hearing. *Id.* ¶ 4. Petitioner alleges that he never received notice of this hearing and did not receive a copy of the order of removal at the address he provided upon his release from detention. *Id.*

On July 9, 2025, Petitioner was detained by Immigration and Customs Enforcement and transferred to the Golden State Annex facility in McFarland, California. *Id.* ¶¶ 5, 8, 17. That same day, Petitioner's counsel "attempted to contact" Petitioner but "the earliest appointment was for July 15, 2025." *Id.* ¶ 9. On July 10, Petitioner's counsel notified the DHS that Petitioner would file a motion to reopen and rescind the 2013 order of removal for lack of notice. *Id.* ¶ 11. On July 11, Petitioner's counsel filed the motion to reopen and informed the DHS that the motion

had been filed. *Id.* ¶ 12. That same day, prior to his removal, Petitioner also directly informed DHS of the motion to reopen. *Id.* ¶ 11. On July 12, Petitioner was transferred to an unknown location for removal. *Id.* ¶ 64. On July 14, Petitioner informed his fiancée that he had been deported to Guatemala.[1] *Id.* ¶ 15.

Petitioner claims that his removal violates his Fifth Amendment due process rights and statutory provisions of the Immigration and Nationality Act. *Id.* ¶¶ 67-72. Petitioner's filing of the motion to reopen his removal order automatically stayed his removal "pending disposition of the motion by the immigration judge." 8 C.F.R. § 1003.23(b)(4)(ii). Thus, Petitioner claims that his removal violated the automatic stay and deprived him of his right to a fair and meaningful opportunity to be heard. *Id.* ¶ 67.

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; *see also Wright v. Dickson*, 336 F.2d 878, 881 (9th Cir. 1964) ("Unless a petition for habeas corpus reveals on its face that as a matter of law the petitioner is not entitled to the writ, the writ or an order to show cause must issue." (citing 28 U.S.C. § 2243)). Here, Petitioner alleges that he was removed without due process in violation of an order staying his removal and without sufficient access to his legal counsel. These allegations are sufficient to require an answer from Respondents.

Accordingly, the Court ORDERS as follows:

1. The Petitioner shall serve a copy of the Petition and this Order upon Respondents and their counsel such that they receive actual notice as soon as practicable. Petitioner shall file proof of service within one day of completing service.

2. Within three days after Respondents are served with the Petition and this Order,

---

[1] Petitioner has a four-year-old son and a fiancée, both of whom are United States citizens. *Id.* ¶ 29.

Respondents shall file an answer responding to the allegations of the Petition. The response shall show cause why a writ of habeas corpus should not be issued. Respondents must file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition.

3. After receiving the answer, the Court will set a hearing.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse within two days after being served with the answer.

5. The parties may stipulate to amend these deadlines by filing a proposed order for the Court's consideration.

**IT IS SO ORDERED.**

Dated: July 17, 2025

Eumi K. Lee
United States District Judge

3